## McNight vs. The Estate of McNight.

*Action against estate, how to be entitled—Admissions of one under guardianship as a spendthrift.*

1.  Under our statute, on an appeal to the circuit court from an allowance or disallowance by the county court of a claim against the estate of M., the cause may properly be entitled by the name of the claimant as plaintiff and "The estate of M." as defendant.
2.  Admissions made by one under guardianship as a spendthrift, are competent evidence to prove an indebtedness contracted by him prior to such guardianship ; and, *it seems,* would be competent to prove a debt *for necessaries* contracted during the period of such guardianship.

APPEAL from the Circuit Court for *Fond du Lac* County.

*George McNight* presented to the county court of said county a claim against the estate of Thomas McNight, consisting of charges for the board of said Thomas and of his son Walter, and for washing and mending clothes for them, between September, 1858, and May 1st, 1861. The claim amounted to $420.00, and the county court allowed only $75 thereof; and from this decision the claimant appealed to the circuit court. On the trial there, the oaths administered to the jurors and the witnesses described the cause as one between "*George McNight*, claimant, and *The Estate of Thomas McNight, deceased*, defendant." The evidence showed that said Thomas McNight "had a guardian appointed over his person and estate the last of June or fore part of July, 1861." The plaintiff was permitted, against objections made by the administrator of the estate, to introduce evidence of admissions made by the deceased, after the appointment of the guardian, as to his indebtedness for the items charged in said claim. The administrator appealed from the judgment of the circuit court in favor of the claimant.

*Gillet & Conklin*, for appellant.

*Blair & Coleman*, for respondent.

DOWNR, J. The counsel for the appellant contends that there was no legal oath administered to the jury or any of the witnesses, because the defendant was "The estate of Thomas McNight, deceased." Generally it would be more regular to name the executor or administrator as defendant or plaintiff in such cases. But the statute, several times, in respect to the allowance of claims by commissioners against the deceased or his executor or administrator, uses the phrase "claims against the estate." And it provides for a claim in favor of an administrator or executor against the estate being allowed or disallowed, and an appeal by such administrator. In such case, it would seem to be proper, if not absolutely necessary, that "The estate" should be named as the party against whom the

claim is.  According to sec. 26, ch. 101, R. S., the judgment of the circuit court in this case has only the same force and effect as the report of the commissioner or county judge allowing or disallowing the claim would have had, if there had been no appeal from such decision.  No execution can be issued on the judgment.  The object of the proceeding is to ascertain and fix the amount of such claims against the estate, so as to enable the administrator to pay them, or, if there should not be money in his hands sufficient to pay the whole, to enable the county court properly to distribute whatever there may be. The objection is not tenable.

The next error assigned is, that the admissions of the deceased while under guardianship were improperly received as evidence.  It does not appear for what he was under guardianship.  It was stated on the argument that it was for wasting his estate by excessive drinking.  The statute in such cases provides that all contracts except for necessaries, at reasonable prices, and all gifts, sales and transfers of real or personal estate, made during the guardianship, shall be void.  The principal object of the guardianship is to prevent the spendthrift from reducing himself and family to paupers.  It is not pretended that the admissions were made to avoid the provisions of the act.  The debt the admissions tended to prove was contracted before the guardianship, and proved by evidence other than his admissions.  We see no reason why the admissions were not competent.  And if it had been contracted during the guardianship, we are inclined to think they would have been competent, because the debt appears to have been contracted for necessaries.

The last objection is, that the judgment is contrary to law and evidence.  There was no motion for a new trial, and the record does not show that *all* the evidence is before us.  We must therefore affirm the judgment of the circuit court.

*By the Court.*—Judgment affirmed.